IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Russell F. Walker, )
        Plaintiff )
  )
vs. )
  )
  )
North Carolina State Board of Elections ) C.A. NO. 1:17CV78
  )
and )
  )
  )
Hoke County Board of Elections, )
        Defendants )

## COMPLAINT IN EQUITY

Summary -- This is an action pursuant to 42 U.S.C. §1983 and §1988(a), 28 U.S.C. §1331 and 1343(a) which prays that the present Hoke County "at large" election scheme be abolished and that election districts be created because it deprives the plaintiff of rights, privileges secured by the Constitution of the United States and the laws of the State of North Carolina.

Opening paragraph from RALEIGH WAKE CITIZENS v. BOARD OF ELECTIONS, 827 F.3d 333 (CA 4th - 2016)

"The right to vote is "fundamental," and once that right "is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment." Bush v. Gore, 531 U.S. 98, 104-05, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000). "It

1

must be remembered that" the right to vote "can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise." Id. (quoting Reynolds v. Sims, 377 U.S. 533, 555, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964))."

## PARTIES

1. Plaintiff, Russell Walker is an adult of full age residing at 176 Quewhiffle Road, Aberdeen, NC in Quewhiffle Township, Hoke County, North Carolina

2. Defendant North Carolina State Board of Elections is a distinct legal entity, with offices in Raleigh, NC, created by state statute and empowered by state law with the responsibility of administering elections for the State of North Carolina.

3. Defendant Hoke County Board of Elections is a distinct legal entity, with offices in Hoke County, created by state statute and empowered by state law with the responsibility of administering elections for the Hoke County Board of County Commissioners. Hoke County is within the Middle District of North Carolina.

## JURISDICTION AND VENUE

2

Case 1:17-cv-00078-CCE-JLW    Document 2    Filed 01/31/17    Page 2 of 8

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3); and 42 U.S.C. §§ 1983 and 1988(a).

5. This Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has pendant jurisdiction over Plaintiffs' state constitutional claim under 28 U.S.C. §1367.

7. Venue in this district is proper pursuant to 28 U.S.C. §1391(b).

## ALLEGATIONS

8. Hoke County is a political subdivision of the State of North Carolina and is administratively controlled by 5 County Commissioners.

9. The Hoke County Commissioners are currently elected in an "at large" manner.

10. Based upon 2015 publically available US Census estimates, the population of Hoke County is approximately 51% white and 49% non-white.

11. Census data 2015 estimate
White alone, percent, July 1, 2015    50.6%
Black or African American alone, percent, July 1, 2015   33.5%

3

American Indian and Alaska native alone, percent, July 1, 2015 9.3%

12. Presently in 2017 there are 4 non-white County Commissioners and one white County Commissioner on the Hoke County Board of Commissioners.

13. Based upon information and belief none of the 5 present commissioners reside in Quewhiffle Township.

14. Plaintiff resides in Quewhiffle Township. Quewhiffle Township is in the extreme western portion of the County and is primarily agricultural in nature.

15. The composition of the Board of Commissioners is racially skewed due to racial block voting in the City of Raeford and political organizations deriving their power and influence from several colored Church congregations.

16. The resulting composition of the Board of Commissioners differs significantly from the County population makeup as a whole due to the *de facto* representation of the Board of Commissioners due to the weighted influence of voters especially in the City of Raeford.

4

17. Plaintiff's right to vote has been debased and diluted to the point of effective denial though the "democratic" process.

18. As a result of this block voting the Board of Commissioners have voted *inter alia*, for projects that are economically ridiculous and only serve a limited portion of the county's residents. The 2008 $3.8 million give away of 500 of acres of land to private interests and an approximately $150,000 splash area in the City of Raeford are just two examples.

19. Residents of Quewhiffle Township are forced to pay through mandated property taxation for projects that do not benefit them and for which they have no recourse to oppose. It's called "Taxation without representation".

20. Many citizens of the County are deprived of effective representation in violation of the "equal protection clause" of the 14th amendment of United States Constitution and article 1 section 19 of the North Carolina Constitution.

## PRAYER FOR RELIEF

21. WHEREFORE, Plaintiff prays that the Court:

5

Declare that the "at large" method of election currently established in Hoke County violates the equal protection clause and the Fourteenth Amendment to the United States Constitution and Article 1 §19 of the North Carolina Constitution; and

22. Declare that the "at large" method of election constitutes a racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment.

23. Declare that the rights and privileges of Plaintiff will be irreparably harmed without the intervention of this Court to secure those rights for the exercise thereof in a timely and meaningful manner.

24. Enter a preliminary injunction, and a permanent injunction enjoining the Defendants, their agents, officers and employees, from enforcing or giving any effect to the current "at large" election procedures for that relate to the method of election of members of the Hoke County Board of Commissioners.

25. Declare that the unless the North Carolina General Assembly acts to promulgate a non-discriminatory lawful method of election

6

for the Hoke County Board of Commissioners, constitutional state laws require that the Hoke County Board of Commissioners itself adopt a districting plan that does comply with the one-person, one-vote requirement of the state and federal constitutions.

26. Make all further orders as are just, necessary and proper to preserve Plaintiffs' rights to participate equally in elections to the Hoke County Board of Commissioners.

27. Plaintiff prays that the defendant Boards of Elections be ordered to set up 5 election districts with each election district in Hoke County being represented by one representative County Commissioner.

28. Presumably each election district would have an approximately equal number of voters, be compact and be contiguous.

29. The assignment of districts should be complete so that an election in November 2017 would present to the voters an opportunity to select Commissioners of their individual choice.

30. Grant such other relief as the Court deems just and proper.

31. Pursuant to 28 U.S. Code § 1746 --

7

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on 31 January 2017

_Russell F. Walker_ (signature)

Russell F. Walker

8